**BROWER LAW GROUP, APC**
Steven Brower (SBN 93568)
 Steve@BrowerLawGroup.com
Lee K. Fink (SBN 216293)
 Lee@BrowerLawGroup.com
100 Pacifica, Suite 160
Irvine, California 92618
Telephone: (949) 668-0825

Attorneys for Plaintiff Keyvan Samini

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KEYVAN SAMINI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOES 1-10, APPLE INC.,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT**<br><br>Trial Date:　　　None Set |

Plaintiff Keyvan Samini ("Plaintiff") hereby alleges as follows:

## **PARTIES**

1.　Plaintiff is, and at all relevant times has been, an individual residing in the County of Orange, State of California which is within this judicial district and within the Southern Division thereof.

2.　Plaintiff is informed and believes, and based thereon alleges, that Defendants JOHN DOES 1 to 10, inclusive ("John Does"), are the parties who have engaged in the primary wrongdoing alleged in this Complaint, and these fictitiously named defendants are in some manner responsible for the acts and omissions alleged herein and, as a direct and proximate result thereof, have incurred legal responsibility to plaintiff for the relief prayed for herein.  The identities of Defendants are currently unknown to Plaintiff, who therefore sues them under fictitious names.  Plaintiff will

amend his Complaint to specifically name Defendants as they are identified via discovery.

3. Plaintiff is informed and believes, and based thereon alleges, that Defendant Apple, Inc. is a corporation, duly organized and existing under the laws of the State of California which has contributed to the harm being suffered by Plaintiff as more fully alleged below.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

5. The Court has supplemental jurisdiction over the claims herein arising under the laws of the State of California pursuant to 28 U.S.C. §§ 1338(b) and 1367 in that the claims are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Plaintiff is informed and believes, and based thereon alleges, that venue is proper in this judicial district, under 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this district or a substantial part of the property that is the subject of the action is in this district. Further, the Plaintiff lives within this district. Because the identities of John Does are unknown, Plaintiff is unable to make any allegation about their place of residence. Defendant Apple is subject to general jurisdiction in the State of California and regularly does business in this District, including within the Southern Division.

## FACTUAL ALLEGATIONS

7. This lawsuit involves what is commonly called "computer hacking" and/or "identity spoofing."

8. Plaintiff is the President, CFO and Acting General Counsel of a company with its principal place of business within the Southern Division of this District, Mobix Labs, Inc. On January 30, 2024, Mobix Labs issues a press release indicating

that it "has begun delivering filtered connector parts that are used in the U.S. Navy's Tomahawk Cruise Missile."

9. Within approximately 3 hours of that press release being issued, control of an email account, which had been utilized by Plaintiff for over 12 years, for both personal and some business communications (ksamini@me.com and its alias ksamini@icloud.com) ("Email Account") was "hacked" or otherwise stolen by John Does.

10. The Email Account at issue in this case is an account as to which only the Plaintiff has a right to access and/or control the information contained within that account.

11. Plaintiff is informed and believes that all email accounts with the suffix "me.com" are operated, as a service, by defendant Apple. Plaintiff is further informed and believes that Apple has the technological ability to disable the account, reassign the account to Plaintiff, provide reports about activity within the account and to otherwise exercise technological control of that account.

12. Within approximately two hours of learning about John Does unauthorized access to the Email Account, Plaintiff contacted Apple to inform them of the unauthorized access and control which had been perpetrated by John Does against the Email Account. Since that time Plaintiff has contacted Apple on multiple occasions but has been unable to obtain an agreement from Apple to: a) inactivate the account; b) to send him records about what activities have been undertaken within the account; c) to provide him with access to restore his use of the account. Apple advised him that their legal team would handle such inquiries but, as of the time of filing this Complaint, Apple's legal department has not offered any solution.

13. Plaintiff is the person legally entitled to use those accounts, to access the information stored on those accounts, and otherwise to maintain the passwords and other security information utilized to access those Accounts. Plaintiff never gave

Defendants authorization or permission to use or access her personal computer devices or the Accounts.

14. On February 5, 2024, Plaintiff was alerted of the unauthorized use of the Email Account for the purpose of disseminating information, contained within the Email Account, to third-parties and/or for the purpose of "phishing" for information from third-parties. In other words, this is not a case where John Does has simply obtained access to private data and communications. Here, John Does are engaged in active misuse of the account for unknown nefarious purposes.

15. Plaintiff does not hold any security clearances with the US Government and does not believe that there is any material, within the files of the Email Address, which would contain specifically classified material. However, some of the products of Mobix are subject to restrictions under ITAR (International Traffic in Arms Regulations which controls the export and import of defense-related articles and services on the United States Munitions List). And by having control of the Email Address, John Does have the ability to send email messages using the "authentic" email of Plaintiff which might induce others to take actions which could result in the disclosure of information or which could result in others taking actions to compromise money, trade secrets or other valuable items.

16. Plaintiff is informed and believes that by virtue of John Does' unauthorized and unpermitted access to the Email Account, John Does are guilty of fraud, oppression, or malice. Plaintiff is informed and believes that John Does' unauthorized and unpermitted access to the Email Account was done specifically targeting Plaintiff with the intent of injuring him. Plaintiff is further informed and believes that the unauthorized and unpermitted access to his Accounts was done fraudulently, in that John Does knew the Accounts were not theirs and used a method of access that was based on a falsified identity and/or credentials, thus injuring Plaintiff as described throughout this Complaint.

17. Plaintiff has retained legal counsel to assist him and that legal counsel will, on his behalf, obtain one or more other computer technology experts to assist him with investigating and remediating the unauthorized and unpermitted access to the Email Account and any related damage effecting his long-standing Email Account.

## FIRST CLAIM FOR RELIEF

### (Violation of 18 U.S.C. § 1030 – John Does)

18. Plaintiff incorporates by reference the foregoing paragraphs 1 to 17, inclusive.

19. The Email Account at issue in this case is created, operated and controlled on protected computers, as the term is used in 18 U.S.C. § 1030. The computer systems Apple uses for the Accounts are part of interstate and foreign commerce and communication. Furthermore, Plaintiff uses his Email Account, when he had access to it, in a manner that affects interstate or foreign commerce or communication, including, but not limited to, sending and receiving email communications involving both business and personal matters with recipients in other states and for the purpose of assisting the United States in use of military weapons.

20. Plaintiff has never provided authorization for John Does to access his Email Account. Plaintiff is informed and believes that John Does intentionally accessed Plaintiff's Email Account without authorization. Plaintiff is informed and believes that John Does' unauthorized access to the Email Account began in or about 2024 and thereafter.

21. Plaintiff is informed and believes that, during the unauthorized access, John Does obtained information from his Email Account, including, but not limited to, information found in his email communications.

22. Plaintiff has suffered monetary damages proximately caused by John Does' unauthorized access to his Email Account in an aggregate amount exceeding $5,000; the exact amount will be shown according to proof at the time of dispositive

motion or trial. The monetary damages include, but are not limited to, costs expended to attempt to identify the hackers and assess and remediate the damage to Plaintiff's Email Account, to preserve the information contained in the Email Account and to change the usage so as to deter future unauthorized access. As of the date of this Complaint, monetary damages continue to accrue.

## SECOND CLAIM FOR RELIEF

### (Violation of California Penal Code § 502 – John Does)

23. Plaintiff incorporates by reference the foregoing paragraphs 1 to 17, inclusive.

24. Plaintiff is informed and believes that, as described throughout this Complaint, John Does knowingly accessed and without permission altered and/or otherwise used the Email Account to wrongfully access, control, and/or obtain money, property, or data.

25. Plaintiff is informed and believes that John Does knowingly accessed and without permission took, copied, and/or made use of the data from the Email Account, as described throughout this Complaint.

26. Plaintiff is informed and believes that John Does knowingly and without permission took, copied, or used data from the Email Account, as described throughout this Complaint.

27. Plaintiff is informed and believes that, as described throughout this Complaint, John Does knowingly and without permission disrupted or caused the disruption of email services to Plaintiff, who was the authorized user of the Email Account.

28. As a direct result of Defendants knowingly accessing his Email Account without permission, Plaintiff has suffered monetary damages in excess of $5,000; the exact amount will be shown according to proof at the time of dispositive motion or trial. The monetary damages include, but are not limited to, costs expended to verify

alterations, damages, and deletions with respect to Plaintiff's Email Account.  As of the date of this Complaint, monetary damages continue to accrue.

29. Plaintiff has suffered irreparable injury as a result of John Does' acts, and due to the continuing threat of such injury, Plaintiff has no adequate remedy at law, thus entitling her to injunctive relief under California Penal Code § 502(e)(1).

30. Plaintiff is entitled to an award of reasonable attorney's fees, according to proof, pursuant to California Penal Code § 502(e)(2).

31. Under California Penal Code § 502(e)(4), Plaintiff is entitled to an award of punitive damages in his favor and against John Does to punish them for their egregious conduct.  The amount of punitive damages should be subject to proof, but Plaintiff alleges any punitive damages award should be no less than three times the amount of actual damages.

## THIRD CLAIM FOR RELIEF

### (Invasion of Privacy – John Does)

32. Plaintiff incorporates by reference the foregoing paragraphs 1 to 17, inclusive.

33. Plaintiff has, and at all times relevant to this action has had, a reasonable expectation of privacy in his Email Account.  Plaintiff's data is stored in such a manner that it is intended to be accessible only by those who are authorized to use the Email Account, and Apple is responsible to enforce that integrity.  The content of the Email Account is not accessible to the public at large.  Plaintiff regularly undertook actions, such as using password protection, to maintain the privacy of his Email Account.  Much of the data falls within the zones of privacy recognized by California law, including, but not limited to, personal financial, employment, and medical information about Plaintiff.

34. John Does intentionally intruded in Plaintiff's Email Account via their unauthorized access, as described throughout this Complaint.

35. Intrusion into the Email Account is highly offensive to Plaintiff. Plaintiff is informed and believes that the unauthorized intrusion into another's computer devices, accounts, and data in violation of the law via what is commonly-called "hacking" is highly offensive to any reasonable person because it involves accessing, without permission, information that is the subject of efforts to keep the information private and personal.

36. Plaintiff has suffered monetary damages proximately caused by John Does' invasion of Plaintiff's privacy. Such damages are in excess of $5,000 and will be shown according to proof at the time of dispositive motion or trial. As of the date of this Complaint, monetary damages continue to accrue.

37. As a direct and proximate result of John Does' conduct, Plaintiff has been caused to suffer, did suffer, and continues to suffer severe and extreme emotional distress, including but not limited to anguish, stress, nervousness, worry, fright, anxiety, panic, feelings of violation, and sleep disturbances. Plaintiff does not know at this time the exact duration or permanence of said injuries, given he continues to experience emotional distress as of the date of this Complaint.

38. Plaintiff has suffered irreparable injury as a result of John Does' acts, and due to the continuing threat of such injury, Plaintiff has no adequate remedy at law, thus entitling Plaintiff to injunctive relief.

39. Plaintiff is entitled to an award of punitive damages in his favor and against John Does to punish them for their egregious conduct. The amount of punitive damages should be subject to proof, but Plaintiff alleges any punitive damages award should be no less than three times the amount of actual damages.

## FOURTH CLAIM FOR RELIEF
**(Declaratory Judgment – Apple)**

40. Plaintiff incorporates by reference the foregoing paragraphs 1 to 17, inclusive.

41. Plaintiff has advised multiple individuals at Apple that control of the Email Account has been "hacked" and misappropriated by John Does. Plaintiff is informed and believes that the legal department at Apple has also been advised of his concerns.

42. However, Apple has failed and refused to take any action to suspend access to the Email Account, or to provide logs showing what actions have been undertaken with the Email Account since the time that it was misappropriated, or to return access for the Email Account to Plaintiff.

43. As alleged herein, on February 5, 2024, Plaintiff became aware, apparently because John Does intended him to become aware, of the unauthorized use of the Email Account for the purpose of disseminating information, contained within the Email Account, to third-parties and/or for the purpose of "phishing" for information from third-parties. In other words, this is not a case where John Does has simply obtained access to private data and communications. Here, John Does are engaged in active misuse of the account for unknown nefarious purposes.

44. Apple has failed and refused to: a) disable the ability to access the Email Account, whether by John Does or Plaintiff, to avoid misuse and harm; b) provide logs and other information about what he been added, deleted, viewed or modified in the Email Account within the week preceding the filing of this Complaint; or, c) undertake an investigation and corrective action to retore access to the Email Account to Plaintiff.

45. Plaintiff is not presently aware of the reasons why Apple is refusing to undertake reasonable action for the protection of Plaintiff and the Email Account. However, there is now a actual controversy, between Plaintiff and Apple, regarding the responsibility of Apple to undertake appropriate protective action as set forth above, even though there would be no prejudice to Apple in undertaking such action.

46. Because damages will not suffice, such that there is no adequate remedy at law as against Defendants, Plaintiff will therefore seek a TRO and Preliminary

Injunction seeking the relief set forth in Paragraph 44, and such other relief as may be just, pending the Court's ultimate determination that Plaintiff is entitled to have full and complete control of the Email Account.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, respectfully requests that the Court enter judgment in his favor and against Defendants and award the following relief:

1. General and special damages according to proof, but in no event less than $5,000;
2. Punitive damages in an amount sufficient to punish and deter Defendants from future egregious conduct;
3. For a preliminary and permanent injunction retraining Defendants and all those acting in concert with them from:
    i. Accessing Plaintiff's Email Account;
    ii. Disclosing or using any personal or confidential information belonging to Plaintiff, including all information obtained from Plaintiff's Email Account;
4. For a Declaratory Judgment holding that Plaintiff is entitled to control of the Email Account.
5. For a TRO and preliminary injunction, against Apple, to disable all access to the Email Account, and to provide logs explaining all changes made to the Email Account or its content between the time when the control of the Email Account was compromised and the time when the account was disabled;
6. For attorneys' fees, to the extent allowed by law.
7. For interest on all sums where properly owed.
8. For costs of suit incurred herein.
9. For such other and further relief as the court may deem just.

| | |
|---|---|
| Dated:  February 6, 2024 | BROWER LAW GROUP<br>A Professional Corporation<br><br>By: /s/ by ECF<br>    Steven Brower<br>    Lee K. Fink<br><br>Attorneys for Plaintiff |